IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00209-BNB

GEORGE W. SIMONS,

    Plaintiff,

v.

WILFREDO RIOS,
CAROL O'HARE, and
SCOTT STOREY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 14 2006

GREGORY C. LANGHAM
               CLERK

---

ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff George W. Simons is confined at the Jefferson County Detention Center in Golden, Colorado. Mr. Simons initiated this action by filing *pro se* a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343(a)(3) (1993). Mr. Simons has been granted leave to proceed without an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

The Court must construe the complaint liberally because Mr. Simons is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Simons will be directed to file an amended complaint.

Mr. Simons is suing Defendants Wilfredo Rios, his public defender, and Carol O'Hare and Scott Storey, district attorneys who prosecuted him in his 2004 criminal

case. He asserts three claims. As his first claim, he contends that Mr. Storey obtained a falsified warrant for his arrest. As his second claim, he asserts that Ms. O'Hare continued to prosecute him knowing that the arrest warrant was obtained illegally and that Mr. Rios allowed the prosecution to continue. As his third claim, he alleges that Mr. Rios allowed him to be physically and mentally abused while he was incarcerated.

Mr. Simons' third claim is vague. It apparently is based upon his contention that he was assaulted twice while incarcerated. He fails to allege any facts that demonstrate how his public defender permitted or personally participated in his physical and mental abuse. Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. **See Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." **Hall**, 935 F.2d at 1110. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of**

*Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

In the amended complaint he will be ordered to submit, Mr. Simons must allege whether he is a pretrial detainee or a convicted felon. He must assert all the claims he intends to assert in this action. He must allege the specific acts of Mr. Rios that caused him to be abused physically and mentally. Mr. Simons also is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. Accordingly, it is

ORDERED that Mr. Simons file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Simons, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Simons submit sufficient copies of the amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Simons fails to comply with this order to the

Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 14, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00209-BNB

George W. Simons
Prisoner No. 104991
Jefferson County Det. Facility
PO Box 16700
Golden, CO 80402-6011

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/14/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk